## Garner *v.* Citizens Natural Gas Company.

*Negligence—Natural gas—Explosion.*

In an action against a natural gas company to recover damages for personal injuries caused by an explosion of gas, a verdict and judgment for plaintiff will be sustained where the evidence shows that the explosion occurred in a house supplied with gas by another company, and that it was caused by an inspector of the defendant negligently mistaking the valves of the other company for the high pressure valves of his own company, and turning them on; and this is the case although the defendant offered to show that the unsafe condition of the meter and regulator in the house contributed to the accident.

Argued Oct. 18, 1900. Appeal, No. 82, Oct. T., 1900, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1897, No. 270, on verdict for plaintiff, in case of Mary J. Garner v. Citizens Natural Gas Company. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for personal injuries and loss of personal property. Before WILSON, P. J.

At the trial it appeared that the plaintiff occupied as a residence, two rooms on the second floor of Patrick McKenna's house in New Brighton. On September 27, 1897, an explosion took place in the house, by which plaintiff was injured in the side and suffered from nervous shock. The uncontradicted testimony showed that her personal property valued at $700 was destroyed. The circumstances of the accident are fully described in the report of McKenna v. Citizens Natural Gas Company, ante, p. .

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $1,675.50. Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*Harry Calhoon* and *Edwin S. Craig,* for appellant.—If the plaintiff was entitled to a verdict at all, there was no evidence from which the jury could fix the damages for her personal injuries, and such evidence was necessary: McHugh v. Schlosser, 159 Pa. 480

The burden is on the plaintiff to show a negligent act of the defendant which was the proximate cause of the injury, and failing to do so the verdict should be for the defendant: Brownfield v. Hughes, 128 Pa. 194.

The facts in evidence must constitute a continuous succession of events so linked as to be a natural whole in order to charge this defendant with actionable negligence: Penna. R. Co. v. Hope, 80 Pa. 373; West Mahanoy Twp. v. Watson, 112 Pa. 574; Met. Ry. Co. v. Jackson, L: R. 3 App. Cases, 198.

*Alfred P. Marshall,* with him *William B. Cuthbertson,* for appellee.—In an action for personal injuries the plaintiff may recover for bodily pain or suffering experienced or likely to be experienced in the future, or for any pecuniary loss sustained or which may be sustained: Schneider v. Penna. R. Co., 2 Cent. Repr. 74.

Where pain and deformity are the subject of compensation

in an action for negligence, the question of damages should be left entirely to the jury: Orbann v. Phila. Traction Co., 7 Pa. C. C. R. 39; Specht v. Penna. R. Co., 7 Pa. C. C. R. 54; Lake Shore Ry. Co. v. Frantz, 127 Pa. 306.

If two distinct causes are operating at the same time to produce a given result, which might be produced by either, they are concurrent causes: Herr v. City of Lebanon, 149 Pa. 226.

PER CURIAM, January 7, 1901:

It must be admitted that Mrs. Garner sustained a substantial loss in the destruction of her property by an explosion of natural gas on the night of September 27, 1897, igniting and burning the house of Patrick McKenna, in the borough of New Brighton, in which she was occupying two rooms. It must also be admitted that the evidence in the case if credited by the jury was sufficient to charge the defendant company and its employees with negligence, which was the cause of her injury and loss. It was the province of the jury to determine from the evidence whether the defendant was in any degree responsible for the occurrence and its consequences, and if it was found by them to be without fault in the premises, that would be an end of the case. It seems, however, that they found the defendant properly chargeable with negligence and the consequences which were the result of it.

The evidence showed that the property of Mrs. Garner destroyed by fire was worth $700 and the evidence in this particular was not controverted. The testimony showing the effect on the health and strength of Mrs. Garner was for the consideration of the jury and there was no appearance of exaggeration in it. The amount of the verdict was not unreasonable and we discover no cause in the matters hereinbefore referred to for disturbing it. To this we may add that we find nothing in the specifications of error which requires a reversal of the judgment.

Judgment affirmed.